McKinney, J.
delivered the opinion of the court.
This Is a scire facias upon a forfeited recognizance, against the plaintiff in error, as bail for the appearance of one John H. Officer, who stood indicted in the circuit court of Overton county upon a charge of counterfeiting &c. &c.
In order to present properly, the principal points urged in argument here,, by the counsel for the plaintiff in error, it is necessary to state, that the June term, 1848, of the circuit court of Overton county, which county is embraced in the fourth judicial circuit, was holden by the Hon. Andrew J. Marchbanks, judge of the thirteenth judicial circuit, by interchange with his Honor W. B. Campbell, judge of said fourth circuit.
The record shows, that during said June term, judge Marchbanks appointed a special terjn of said court for said county, pursuant to the provisions of the act of 1827, ch. 79, to be held on the third Monday of August following. The record further shows, that, during said June term, the case of the State against said John H. Officer was continued, on the affidavit of the defendant, until the special term appointed as aforesaid. And thereupon, said defendant, with the plaintiff in error as his *129 bail, entered into recognizance in the sum of one thousand dollars, each, for the appearance of said defendant on the first Tuesday after the third Monday of August next following, being the time appointed for said special term. It appears that the judge failed to hold said special term; and the clerk, in pursuance to the act of 1835, ch. 5, sec. 5, opened and adjourned the court from day to day, until the fourth day of the term, when, the judge not attending, he adjourned the court until court in course. It does not appear that the defendant, Officer, appeared at said special term, or that there was any action taken upon his recognizance by the clerk.
At the following October regular term of said .court, the defendant, Officer, having been called, failed to appear; and the plaintiff in error, his bail, having, in like manner, been called to appear, and bring with him into court the body of said defendant, failed so to do, a judgment nisi was thereupon entered up against the plaintiff in error for the sum of one thousand dollars, according to the tenor of said recognizance; upon which the present scire facias is founded.
The plaintiff in error put in several pleas to the scire facias; to all of which, except the last, which was the plea of nul tiel record, the Attorney General demurred.' Upon the latter plea issue was joined, and the issue was found, by the court, in favor of the State. The demurrer to all the other pleas was sustained, and final judgment rendered on the scire facias, against the present plaintiff in error, for said sum of one thousand dollars; from which he prayed and obtained an appeal in error to this court.
The several pleas, disposed of by the demurrer, are entirely defective both in form and substance, and need *130 not be noticed; but all the questions intended to be raised by the pleas, arise upon the facts set forth in the scire facias, and are reached by the demurrer to said pleas, filed by the Attorney General.
The first ground insisted upon by the counsel' for the plaintiff in error is, that - the recognizance entered into for the appearance of the defendant, Officer, at the special term appointed as before stated, was valid; upon the ground, .that the judge presiding had no power or authority by law to make such appointment; or, in other words, that the power to appoint a special term of the circuit courf, is restricted to the judge .of that particular circuit within which is included the court requiring the appointment of a special term.
We entertain a contrary opinion upon this point. The judges of the circuit courts, it i.s true, are by law-required to be appointed, each for a particular circuit, and to reside and hold the courts therein; nevertheless, by the same statute, the judges so appointed, are declared to be “judges of the State.” They may interchange with each other, whenever the incompetency of the judge of the circuit to try a particular case or cases, or personal convenience, may require. Such interchange may be for the entire circuit, or a single term, or part thereof; or for a special case. And in case of the absence of the judge of the circuit, his death, or inability to hold any court in his circuit; any circuit judge of the State may hold said court. And in all these cases, the judge holding the court, though in a different circuit from that for which he was appointed, is empowered to exercise all the authority, powers and jurisdiction that might be exercised by him in- his own proper circuit, or by the judge of the circuit in which he is témpora- *131 rily presiding. Such is the substance of the provisions of the acts of 1835, Ch. 5, sec. 5; 1822, ch. 10, sec. 1; 1828, ch. 2, sec. 2. From all which it is too clear to admit of argument, that all judicial acts which might be done by the proper judge” of the circuit, were he presiding, the judge of another circuit, presiding in his stead, by interchange with him, may do in like manner. And there is nothing in the act of 1827, ch. 79, (which authorizes the appointment of special terms) when properly understood, at all inconsistent with the provisions of the foregoing statutes. A judge holding a term of the circuit court in another circuit, by interchange with the judge of said circuit, is “the judge of such circuit court” for that term at least, within the plain meaning, and, indeed, within the very letter of the fourth section of said act. And equally within the meaning and words of the fifth section, the circuit, for the time being, is “his judicial circuit.” It follows, therefore, that the appointment of the special term by judge Marchbanks, in the case under consideration, was legal; and the recognizance entered into by the plaintiff in error, for the appearance of John H. Officer to said special term, valid and obligatory upon the parties.
The next point insisted upon is, that the circuit judge failing to hold said special term, and there having been no action upon the recognizance at that term, it became inoperative and void; and no forfeiture could be taken thereon at the subsequent regular term; because, as is argued, the provision of the act of 1835, ch. 5, sec. 5, against a discontinuance in such case, on the failure to hold a regular term of the circuit court, does not apply to a special term.
*132 This ground, we think, is no more tenable than the preceding one. By the fourth section of the act of 1827,, “all causes, either at law or in equity, as well civil as criminal, upon the docket,” remaining undisposed of at the regular term, may be tried at the special term, appointed pursuant to said act. And the trial of such causes, and, by necessary construction, all the other proceedings therein, are to be conducted “ under the same rules, regulations and restrictions, and with the same powers, as if such special term were a regular term.” And on the failure to hold such special term, all the legal consequences follow, so far at least as respects the business that might properly have been done at such term, that would upon the failure to hold a regular term. A special term is clearly a term within the spirit and meaning of the fifth section of the act of 1835, and, therefore, the forfeiture entered against the plaintiff in error, upon his recognizance, at the following regular term of the court, was warranted by the section of the act last referred to, which provides, that on failure of the judge to attend to hold the court, “the clerk shall open and adjourn the court for the three first days of the term; and if no judge shall attend by four o’clock on the fourth day of the term, the court shall be adjourned by the clerk until the court in course. And all recognizances, process, and other proceedings, returned or returnable to said term, and not acted upon by the court or clerk, by having the parties called and forfeitures entered, agreeably to the laws now in force, shall be considered as being returnable to the next succeeding court.”
Third: It is argued that the court erred in finding the issue upon the plea of nul tiel record against the *133 defendant in the court below, because, it is alledged, the record produced shows, that the forfeiture was entered, not against the present plaintiff in error, but against the principal defendant, Officer. This argument has no substantial foundation to rest upon. The forfeiture purports to have been entered against the plaintiff in error. The record thereof is susceptible of no other reasonable construction, and though less explicit in its terms than it might have been made, it is sufficiently certain to justify the judgment of the court. The supposed variance, as to the time the forfeiture was entered, between the record and scire facias, does not exist. The record shows the day on which the term began, but it does not show on what particular day of the term the forfeiture was entered; and is, therefore, perfectly consistent with the averment in the scire facias, that it was on Friday of said term. Let the judgment be affirmed.