Deadebick, J.,
delivered the opinion of the Court.
The indictment in this case was quashed by the County Court of Knox county, upon motion of defendant, and the Attorney General appealed in error to this court. The objection to the indictment, which is for profanity, is, that it does not allege that the profane words were spoken in Knox county. While the better practice is, in all cases, to state the venue in the body of the indictment, by section 5125, of *66 the Code, it is provided that “It is not necessary for the indictment to allege where the offense was committed, but the proof shall show a state of facts bringing the offense within the jurisdiction of the county in which the indictment was preferred.”[1]
This section of the Code is not in conflict with the 9th section of Article 1 of the Constitution, which declares that the accused has a right to demand the nature and cause of the accusation against him and to have a copy thereof. These are fully set out in the indictment, and the law requires that the proof should show' that the offense was committed in the county in which the indictment was preferred.
It was therefore error to quash the indictment for the omission in the indictment to charge in what county the offense was committed.
The judgment of the County Court will be reversed; and the cause remanded to the Criminal Court of Knox county for further proceedings.

See Williams v. State, ante, p. 35; State v. Donaldson, ante, p, 51.