WILL NORRIS *v.* STATE.

[(*Nashville.* December Term, 1912.)

1. **CRIMINAL LAW. Without request, trial judge is required to charge that venue must be proved.**

The trial judge is required to instruct the jury that the venue must be proved, and his failure to give such instruction is reversible error, although the defendant does not request it. (*Post, p.* 438.)

Case cited and approved: Frazier v. State, 117 Tenn., 455.

2. **SAME. Venue may be proved by a preponderance of the evidence.**

The venue in a criminal case is a jurisdictional subject-matter, and it may be proved by a preponderance of the evidence, and need not be established beyond a reasonable doubt. (*Post, pp.* 438-440.

Cases cited and approved: State v. Quartemus, 3 Heisk., 65; Maples v. State, 3 Heisk., 408; Pike v. State, 8 Lea, 579; Wilson v. State, 62 Ark., 497.

Case cited and distinguished: Frazier v. State, 117 Tenn., 462.

---

FROM WILLIAMSON.

---

Appeal from the Circuit Court of Williamson County. —DOUGLAS WIKLE, Judge.

TYLER BERRY and WALTER L. BERRY, for Norris.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

Mr. JUSTICE WILLIAMS delivered the opinion of the Court.

This is an appeal from a judgment of the circuit court of Williamson county, sentencing the plaintiff in error to the penitentiary for a term of three years on an indictment for the crime of horse stealing.

Among the questions raised by the assignment of errors filed in his behalf are the following:

1. Was it error for the trial judge to fail to charge the jury that the venue must be proven, there being no request in behalf of plaintiff in error therefor?

This is answered by Mr. Justice Shields in the case of *Frazier* v. *State,* 117 Tenn., 455, 100 S. W., 94, in the affirmative.

2. What *quantum* of proof in respect of venue should the trial judge have charged was requisite to convict?

In the case of *Frazier* v. *State,* 117 Tenn., 462, 100 S. W., 102, it was said:

"This disconnected statement in the charge of proof required to convict is unfortunate, and calculated to cause the jury to overlook the defense of self-defense; but the most prejudicial effect it probably had upon them was the *quantum* of proof they are told was necessary to establish the killing and the venue. They are told, in effect, if they are satisfied that the deceased was killed in Roane county by defendants, it would be sufficient, when it was necessary to establish these facts, not only to the satisfaction of the jury, but beyond a reasonable doubt. The jury could well consider the instruction here given as to the *quantum* of proof necessary to es-

tablish these material facts as explanatory of other parts of the charge in relation to the proof necessary to convict."

The learned judge who prepared that opinion was dealing with an involved charge, and without doubt his attention was not called in argument or by brief to the distinction to be taken between proof of *venue* as a jurisdictional fact and the proof of the *killing* as an essential part of the crime charged.

In *State* v. *Quartemus,* 3 Heisk., 65, it was held that the Code provision, "it is not necessary for the indictment to allege where the offense was committed," was not in conflict with article 1, sec. 9, of the constitution, which declares that the accused has a right to demand the nature and cause of the accusation against him. "These are fully set out in the indictment," said the court, "and the law requires that the *proof* shall show that the offense was committed in the county in which the indictment was preferred."

The best and latest authority is, by a decided weight, to the effect that the issue of venue, being jurisdictional need not be established beyond a reasonable doubt.  1 Bishop's New Criminal Procedure, sec. 384; Underhill, Crim. Ev., sec. 36; 4 Elliott on Evidence, sec. 2714; 13 Enc. Evidence, 931, and cases cited; *Wilson* v. *State,* 62 Ark., 497, 36 S. W., 842, 54 Am. St. Rep., 303, and note.

The rule announced by these authorities is that a preponderance of the evidence relating to that issue is

sufficient. See, also, in this connection, *Maples* v. *State,* 3 Heisk., 408; *Pike* v. *State,* 8 Lea, 579.

It appearing from what was said and ruled in *State* v. *Quartemus,* supra, that venue is not an element of the crime charged, the matter of venue would appear to be but a jurisdictional subject-matter. An examination of our cases shows that in none of them was this distinction treated of, or in the mind of the court. The logical conclusion from *State* v. *Quartemus* would tend to a holding in accord with the authorities above cited and the cases referred to by them.

Why should the prosecution by the State be made to carry a burden of proof in respect of venue not logically imposed?

A fact of this case—the turning out of the horse, alleged to have been stolen, to range and graze at will, particularly if assumed to belong to an owner living near a county or State line—brings into view the practical effect of applying the rule of reasonable doubt to proof of venue. Added emphasis is given by a consideration of the fact that the cities of Memphis, Chattanooga, and Bristol, and other considerable towns in this State, lie near or immediately on the State line.

Reverse for error above indicated, and for error in admission of testimony noted in the judgment entered, with remand for new trial in accord with the rulings herein.