**STATE of Tennessee, Appellee,**

v.

**Jimmy Dale HILL, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 3, 1992.

John E. Herbison, Nashville, for appellant.

Charles W. Burson, Atty. Gen., C. Mark Fowler, Asst. Atty. Gen., Nashville, William Michael McCown, Dist. Atty. Gen., Robert G. Crigler, Asst. Dist. Atty. Gen., Shelbyville, for appellee.

OPINION

BIRCH, Judge.

Following a bench trial, the Circuit Court of Moore County convicted Jimmy Dale Hill, the defendant, of vehicular assault [1] and reckless endangerment.[2] He was sentenced to the Department of Correction for eight years on the vehicular assault conviction. For reckless endangerment, the trial court imposed an eleven month twenty-nine day sentence, to be served consecutively to the eight-year sentence.

Hill appeals and makes the following contentions:

1) The Circuit Court of Moore County had no authority to adjudicate the cause;

2) The evidence was, as a matter of law, insufficient to sustain the verdict;

---

**1.** T.C.A. § 39–13–106 (Supp.1989).

**2.** T.C.A. § 39–13–103 (Supp.1989).

3) The trial court incorrectly permitted rehabilitation of a certain witness;

4) The trial court erred in admitting certain evidence and testimony; and

5) The sentence imposed by the trial court was excessive.

From our careful consideration of the entire record, we have found that the trial court lacked jurisdiction to render a valid judgment. Because of that finding, we must vacate the judgment and remand the cause.

## I

The facts necessary for our disposition of this case are few. To summarize, the record establishes that the defendant led police on a high-speed chase through the city of Tullahoma and Moore county. The chase ended in Moore county when the car driven by the defendant left the road and struck a tree. The defendant and his two passengers suffered severe injuries.

Presented with these facts, the Bedford County grand jury returned a seven-count indictment against Hill. He waived his right to trial by jury, was tried by the judge of the Moore County Circuit Court, and, as we have stated, was convicted.

## II

The defendant's chief contention is that the Circuit Court of Moore County did not have jurisdiction. This contention is based upon the assertion that the indictment upon which he was tried was returned by a Bedford County grand jury. The record supports this assertion: (1) the indictment bears the caption STATE OF TENNESSEE, BEDFORD COUNTY, (2) each of the counts begins with "THE GRAND JURORS of BEDFORD County, Tennessee, duly empaneled and sworn, upon their oath, present that ...," and (3) each count charges that the crime was committed in Bedford County. The state has presented no evidence that the indictment was returned in a county other than Bedford.

■ In Article I, Section 9, the Tennessee Constitution states:

[t]hat in all criminal prosecutions, the accused hath the right to ... a speedy public trial, by an impartial jury of the County in which the crime shall have been committed.

Tennessee courts have construed this section to be jurisdictional. *Harvey v. State,* 213 Tenn. 608, 376 S.W.2d 497 (1964); *Norris v. State,* 127 Tenn. 437, 155 S.W. 165 (1913). Stated alternatively, the jurisdiction of the circuit court is limited to the crimes which occur within the territorial boundaries of the county in which it sits.

■ The subject of territorial limitations upon jurisdiction in a criminal case was discussed in *State v. Donaldson,* 50 Tenn. 48 (1870). In *Donaldson,* the defendant was indicted by a Loudon County grand jury. The offense was committed on land which eventually became a part of Loudon county, but had occurred prior to the formation of Loudon county. The supreme court ruled that Loudon county had exclusive jurisdiction over crimes committed within its boundaries, whether committed prior to or subsequent to the formation of the county. The court stated that:

[a]fter [the new county's] establishment, the Circuit Court in the old county from which the territory was taken, upon which the offense was committed, has no jurisdiction to institute an indictment against the offender. But such proceedings must be begun in the county where the offense was committed.

*Donaldson,* 50 Tenn. at 51–52.

When read in conjunction with the holding in *Donaldson,* Art. I, Sec. 9 of the Tennessee Constitution precludes a court from indicting or trying an individual for offenses committed outside the county in which the court sits. Logically, it follows that a court may not try an individual on an indictment issued by another county because such a trial would necessarily violate one of the above jurisdictional limitations: that is, either the indictment would be outside the jurisdiction of the court which returned it or the trial would be outside the jurisdiction of the court in which the trial would be conducted.

Analytically, two routes are available to dispose of this case. Either produces the same result. If we rely upon the evidence adduced at trial, the Bedford County grand jury was without jurisdiction to indict the defendant because the events upon which the indictment was based occurred in Moore county. If we rely upon the indictment, the Circuit Court of Moore County was without jurisdiction to try the defendant because the indictment alleged that the offenses occurred in Bedford County. As stated, regardless of the route chosen, the judgment of the trial court is null and must be vacated.

The defendant also claims evidentiary insufficiency. As we have stated, the uncontradicted proof adduced at trial establishes clearly that none of the conduct necessary to the commission of the crime took place in Bedford County. The conclusion is clear—that the evidence, as a matter of law, fails to support the verdict.

Because of our view as to jurisdiction, we see no reason to address the remaining issues raised.

Accordingly, the judgment of the Moore County Circuit Court is vacated. The cause is remanded for further proceedings.

SCOTT and WADE, JJ., concur.