IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

# STATE OF TENNESSEE V. WILLIAM JOSEPH TAYLOR

**Direct Appeal from the Criminal Court for Wilson County**
**No. 98-896    J. O. Bond, Judge**

———————————

**No. M1999-00218-CCA-R3-CD - Decided May 5, 2000**

———————————

The defendant was initially tried and convicted in Rutherford County for the crime of rape of a child.  On appeal, this Court found that the defendant's trial counsel was ineffective and remanded the case for a new trial.  After remand, the defendant was indicted in Wilson County. The Wilson County Criminal Court found that the double jeopardy clauses of the United States Constitution and the Tennessee Constitution prohibited the State from prosecuting the defendant and dismissed the indictment.  The State appealed the dismissal.  We reverse the decision of the trial court and remand for a  trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Remanded.**

ACREE, Special J., delivered the opinion of the court, in which RILEY, J., and GLENN J. joined.

Marvin E. Clements, Jr., Assistant Attorney General, Tom P. Thompson, Jr., District Attorney General, Robert N. Hibbitt, Assistant District Attorney General, for the appellant, State of Tennessee.

F. Michie Gibson, Jr., Nashville, Tennessee, for the appellee, William J. Taylor.

## OPINION

The defendant was initially indicted in Rutherford County for the crime of rape of a child. The indictment alleged:

> "That on the ___ day of November or December, 1993 in said county and
> state and before the finding of this indictment, William Taylor did unlawfully
> sexually penetrate BNT,[1] age 11, in violation of TENN. CODE ANN. § §39-13-
> 522 and against the peace and dignity of the State of Tennessee."

At the trial in Rutherford County, the State introduced evidence of crimes which occurred

---

[1]The victim will be referred to as the victim or by her initials rather than by her name.

on two dates. It was the State's announced intention to elect at the close of its proof in chief the particular incident for which the conviction was being sought.[2] According to the evidence, the first act occurred approximately two weeks before Christmas in 1993 at the defendant's home in Rutherford County.[3] The defendant forced the victim to perform oral sex upon him and also engaged in other unlawful sexual contact. The second occasion was on Christmas night of the same year. On that night, the defendant took the victim from the defendant's home in Rutherford County and traveled to a secluded area in Wilson County. The evidence reflected that two separate rapes occurred. The first occurred while en route to the secluded area when the defendant forced the victim to perform oral sex upon him. The second occurred after the defendant reached his destination. The victim was able to describe the route which the defendant took on Christmas night and their location when the rapes occurred. She testified that she had been on these roads on previous occasions and was familiar with them.

After the crimes were reported, the Rutherford County Sheriff's Department conducted an investigation. Detective Morton testified that as a part of her investigation, she had the victim show her the route the defendant took on Christmas night and the locations where the two rapes occurred. The testimony of Officer Morton established that the Christmas night crimes occurred in Wilson County. Her testimony can be summarized by the following questions and answers:

"GENERAL JACKSON: So, in essence, based on the investigation that you made in this case, there is no way that this case happened in Rutherford County; is it?

OFFICER MORTON: No, Sir.

GENERAL JACKSON: And the facts really didn't start until after the vehicle that was talked about went into Wilson County.

OFFICER MORTON: Yes.

GENERAL JACKSON: We call that venue in the law.

OFFICER MORTON: Yes, Sir."

---

[2]See State v. Rickman, 876 S.W.2d 824 (Tenn. 1994) wherein the Court reaffirmed the rule admitting evidence of other sex crimes when an indictment is not time specific and when the evidence relates to sex crimes that allegedly occurred during the time as charged in the indictment.

[3]At the time of the crime, the victim believed that the defendant was her father. The defendant had been married to the victim's mother, and the victim visited regularly with the defendant after the divorce.

At the conclusion of the State's evidence, the defendant moved for a judgment of acquittal on the ground that the Christmas night incident did not occur in Rutherford County. The State agreed that the crime occurred in Wilson County but elected to proceed with the rape which occurred two weeks prior to Christmas at the defendant's home. The trial court denied the motion for judgment of acquittal and allowed the State to elect the earlier crime. The trial court made an express finding that the evidence established that Rutherford County was not the proper venue for the Christmas night crime. The trial court also instructed the jury that the Christmas night incident occurred in Wilson County, and that Rutherford County did not have venue. The trial court instructed the jury that they would not consider the Christmas night incident when they deliberated.[4]

The trial proceeded upon the crime which occurred two weeks before Christmas and the defendant was found guilty of the Class A felony of rape of a child.

After the trial, the defendant engaged another attorney who sought a new trial upon the grounds of ineffective assistance of trial counsel. The motion was overruled, and the defendant appealed. In State v. Taylor, 968 S.W.2d 900 (Tenn. Crim. App. 1997), this Court found that the defendant's trial counsel was ineffective and remanded the case for a new trial. The primary basis for the finding was that trial counsel failed to investigate the facts surrounding the Christmas night incident and permitted proof of a crime at trial that did not occur in Rutherford County.

After the case was remanded, the State entered a nolle prosequi on the Rutherford County indictment and indicted the defendant in Wilson County for the Christmas night incident.

The defendant moved to dismiss the indictment upon the ground that the prosecution was barred by the double jeopardy clause.[5] The defendant contended that evidence of the Christmas night crime was presented to the jury in Rutherford County, that the State elected to proceed upon the other crime, and he could not be tried again in Wilson County. Additionally, the defendant argued the double jeopardy clause barred prosecution because of prosecutorial misconduct. The alleged misconduct occurred when the State put evidence of the Christmas night crime before the jury while knowing that Rutherford County was not the proper venue.

The trial court granted the defendant's motion to dismiss. The court found it was a jury question as to whether the Christmas night rape commenced in Rutherford County. If it did,

---

[4]During final argument, the State, without objection, commented about the Christmas night incident. In the final charge to the jury, the trial court directed the jury not to consider the alleged Christmas night incident except as it had a bearing on the credibility of the witnesses who testified in the case.

[5]The double jeopardy clauses of the State and Federal Constitutions will sometimes be referred to collectively as the double jeopardy clause.

under the territorial jurisdiction statute[6], the case could have been tried in either county. The trial judge concluded that the double jeopardy clause barred a retrial. The trial court made no finding as to whether there had been prosecutorial misconduct.

The issues presented for review are whether the double jeopardy clauses of the United States Constitution and Tennessee Constitution prohibit prosecution (1) because evidence of this crime was presented to the Rutherford County jury and/or (2) because of prosecutorial misconduct.

The double jeopardy clause of the United States Constitution is found in the fifth amendment and provides that no person shall "be subject to the same offense to be twice put in jeopardy of life or limb". Article I, Section 10 of the Tennessee Constitution provides that "no person shall, for the same offense, be twice put in jeopardy of life or limb." In State v. Harris, 919 S.W.2d 323 (Tenn. 1996), the Supreme Court summarized well established law in regard to double jeopardy:

> "The double jeopardy guarantee affords three separate constitutional protections against, 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 716, 89 S.Ct. 2072, 2076 23 L.Ed. 2d 656 (1969); State v. Mounce, 859 S.W.2d 319, 321 (Tenn. 1993). In application these protections forbid retrial of a defendant who has been acquitted and, when a conviction has been set aside because of insufficiency of the evidence, double jeopardy forbids giving the prosecution "another opportunity to supply evidence which it failed to muster in the first proceeding." Burks v. United States, 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978).
>
> When a defendant obtains a new trial through a successful appeal on some basis other than insufficiency of the evidence, however, double jeopardy does not preclude a retrial of the defendant. Id.; Ball v. United States, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); State v. Campbell, 641 S.W.2d 890, 893 (Tenn. 1982)."

Harris, 919 S.W.2d at 327.

The double jeopardy clause precludes a retrial when the defect that requires reversal involved the guilt or innocence of the defendant but not when the conviction was set aside

---

[6]TENN. CODE ANN. § §39-11-103 (d) provides:

> "If one (1) or more elements of an offense are committed in one (1) county and one (1) or more elements in another, the offense may be prosecuted in either county . . ."

because of an error in the proceedings. Failure to establish venue is an error in the proceedings, and a defendant may be tried again when his conviction was reversed because the State failed to prove venue. State v. Hutcherson, 790 S.W.2d 532, 535 (Tenn. 1990).

The trial court found that one or more of the elements of the Christmas night crime may have occurred in Rutherford County and that venue of the crime may have existed in Rutherford County. We respectfully disagree. We have carefully reviewed the record, and we find no evidence that any of the elements of the crime of rape of child or of any of the lesser-included offenses occurred in Rutherford County.[7] We also observe that both the trial judge in Rutherford County and this Court in the earlier appeal found that venue was not in Rutherford County. See State v. Taylor, 968 S.W.2d at 909-911.

Article I, Section 9 of the Constitution of Tennessee provides that an accused has the right to a trial by an impartial jury of the county in which the crime has been committed. In Tennessee, venue is jurisdictional and must be proved by a preponderance of the evidence. Harvey v. State, 376 S.W.2d 497, 498 (Tenn. 1964). The Tennessee Constitution prohibits a court from indicting or trying an individual for offenses committed outside the county in which the court sits. State v. Hill, 847 S.W.2d 544, 545 (Tenn. Crim. App. 1992).

Rutherford County did not have venue or jurisdiction to try the Christmas night incident. Accordingly, the defendant was not placed in jeopardy at the Rutherford County trial. In summary, we hold that the double jeopardy clause does not bar the State from trying the defendant in Wilson County because it had presented evidence of the same crime at the earlier trial in Rutherford County.

The second prong of the defendant's argument is that the double jeopardy clause prohibits prosecution because of prosecutorial misconduct. The defendant contends that the State deliberately put evidence of the Christmas night crime into evidence knowing that Rutherford County did not have venue and knowing that the evidence was irrelevant and improper.

Under certain circumstances, the double jeopardy clause may be invoked because of prosecutorial misconduct. However, those cases are limited to situations where a defendant moved for and was granted a mistrial because of prosecutorial misconduct. The Supreme Court of the United States addressed the double jeopardy clause of the Fifth Amendment to the Constitution in Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083 (1982):

"The double jeopardy clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense . . . United States v. Dinitz, 424 U.S. 600, 606, 96 S.Ct. 1075, 1079. But in the case of a mistrial

---

[7]See TENN. CODE ANN. § §39-13-522, Rape of a Child; TENN. CODE ANN. § §39-13-502, Aggravated Rape; TENN. CODE ANN. § 39-13-503, Rape; TENN. CODE ANN. § §39-13-504, Aggravated Sexual Battery; and TENN. CODE ANN. § §39-13-505, Sexual Battery.

declared at the behest of the defendant, quite different principles come into play. Here the defendant himself has elected to terminate the proceedings against him, and the "manifest necessity" standard has no place in the application of the double jeopardy clause . . . United States v. Dinitz, supra, 424 U.S. at 607-610, 96 S.Ct., at 1079-81. Our cases, however, have indicated that even where a defendant moves for a mistrial, there is a narrow exception to the rule that the Double Jeopardy Clause is no bar to retrial . . . See e.g. United States v. DiFrancesco, 449 U.S. 117, 130, 101 S.Ct. 426, 433, 66 L.Ed.2d 328 (1980); United States v. Dinitz, supra, 424 U.S. at 611, 96 S.Ct., at 1081; United States v. Jorn, supra, 400 U.S. at 485, 91 S. Ct., at 557; United States v. Tateo, supra, 377 U.S. at 468, n. 3, 84 S.Ct., at 1590. Since one of the principal threads making up the protection embodied in the Double Jeopardy Clause is the right of the defendant to have his trial completed before the first jury empaneled to try him, it may be wondered as a matter of original inquiry why the defendant's election to terminate the first trial by his own motion should not be deemed a renunciation of that right for all purposes. We have recognized, however, that there would be great difficulty in applying such a rule where the prosecutor's actions give rise to the motion for mistrial were done "in order to goad the defendant into requesting a mistrial." United States v. Dinitz, supra, 424 U.S. at 611, 96 S.Ct., at 1081. Only where the governmental conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion."

Oregon v. Kennedy, 456 U.S. at 676, 102 S.Ct. at 2089.

In State v. Tucker, 728 S.W.2d 27 (Tenn. Crim. App. 1986) , the issue was whether prosecutorial misconduct barred a retrial under the double jeopardy clause of the Tennessee Constitution. The Court concluded that Tennessee should adopt the Oregon v. Kennedy rule. The Court held:

"In view of the other sanctions that are available to cure or to mollify the effects of misconduct, the balance tips in favor of following the United States Supreme Court's holding in Oregon v. Kennedy. Thus, we adhere to that standard. Unless the trial court finds that the prosecutor intended his misconduct to provoke the defendant into requesting a mistrial, the defendant may be retried following the granting of the defendant's motion for a mistrial". Tucker, 728 S.W.2d at 32.

The rule prohibiting a retrial when there is prosecutorial misconduct applies only when a mistrial is granted at the defendant's request. Herein, a mistrial was neither requested nor granted. To find that the double jeopardy clause prevents the defendant from being retried under the facts of this case would require us to conclude that any defendant whose conviction is reversed on appeal because of prosecutorial misconduct cannot be tried again. Obviously, such a result is not recognized under federal or state law.

In summary, we hold that the trial court erred in finding that the double jeopardy clauses of the United States Constitution and of the Tennessee Constitution prevented the defendant from being tried in Wilson County. The judgment of the Criminal Court of Wilson County is reversed, and the case is remanded for trial.