IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 23, 2001

## KENNETH STOMM v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Morgan County**
**No. 8532     E. Eugene Eblen, Judge**

**No. E1999-00392-CCA-R3-PC**
**August 2, 2001**

The petitioner, Kenneth Stomm, appeals the trial court's denial of his petition for writ of habeas corpus. The single issue presented for review is whether the petition was properly dismissed without an evidentiary hearing. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Joe H. Walker, Public Defender, and Walter B. Johnson, II, Assistant Public Defender, for the appellant, Kenneth Stomm.

Paul G. Summers, Attorney General & Reporter; Patricia C. Kussmann, Assistant Attorney General; and Scott McCluen, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 5, 1988, the petitioner entered a plea of guilt to third degree burglary in Rhea County, Tennessee. Judge Leon C. Burns, whose Thirteenth Judicial District includes Putnam, Clay, DeKalb, Overton, Pickett, White, and Cumberland Counties, accepted the plea and imposed a sentence of 10 years.

On November 2, 1998, the petitioner filed a petition for writ of habeas corpus. As grounds for relief, the petitioner alleged that the judgment entered on his guilty plea was void because Judge Burns, elected to office in the Thirteenth Judicial District, had not been designated by the supreme court to preside in this case and was not "a sitting judge of the 12th Judicial District . . . ." Rhea County is among several counties located within the Twelfth District. In response, the state asserted that the judgment was valid because Tennessee Code Annotated § 17-2-205, which was repealed by 1997 Tenn. Pub. Act ch. 430, § 1, authorized interchange among judges at the time of the plea:

Criminal judges may have the right to interchange with each other and with judges of all other courts of record in the state when causes exist making an interchange necessary or desirable, or mutually convenient by agreement.

Tenn. Code Ann. § 17-2-205 (1980). The state also contended that the petitioner, before entering his plea of guilt, had executed a written waiver of his right to trial by jury and his right to venue within Rhea County. See Wilson v. Wilson, 877 S.W.2d 271 (Tenn. Ct. App. 1993).

In this state, a writ of habeas corpus may be granted only when a petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). A "person imprisoned or restrained of his liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment. . . ." Tenn. Code Ann. § 29-21-101. The writ of habeas corpus, however, is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Trial courts may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

Article I, Section 9 of the Tennessee Constitution provides that in all criminal prosecutions by indictment or presentment, the accused has a right to a speedy, public trial by an impartial jury of the county in which the crime was committed. The state must prove that the offense was committed in the county of the indictment. Harvey v. State, 213 Tenn. 608, 612, 376 S.W.2d 497 (1964). Because venue is not an element of the offense, it may be established by a preponderance of the evidence by either direct or circumstantial evidence. State v. Baker, 639 S.W.2d 670, 672 (Tenn. Crim. App. 1982); Hopper v. State, 205 Tenn. 246, 327 S.W.2d 448 (1959). Ordinarily, the jurisdiction of the trial court is limited to the crimes which occur within the territorial boundaries of the county in which it sits. State v. Hill, 847 S.W.2d 544, 545 (Tenn. Crim. App. 1992).

The entry of a valid guilty plea ordinarily "constitutes an admission of all facts alleged and a waiver of procedural and constitutional defects in the proceedings that occurred before the entry of the plea." State v. Smith, 996 S.W.2d 845, 846 (Tenn. Crim. App. 1999). The only jurisdictional objection not waived by a defendant's failure to raise it in a pretrial motion is lack of subject matter jurisdiction. Tenn. R. Crim. P. 12(b)2; State v. Nixon, 977 S.W.2d 119, 121 (Tenn. Crim. App. 1997). "Subject matter jurisdiction is the power of the court to hear and decide a particular cause of action." Nixon, 977 S.W.2d at 121.

While conceding that he signed a waiver of his right to venue in Rhea County, the petitioner argues that the trial court lacked jurisdiction because the waiver was not signed by the district attorneys general from both Rhea and Cumberland Counties as required by Tennessee Code

Annotated § 40-35-214 (1982). The statute requires the written approval of the district attorney general and the court having criminal jurisdiction for each county. Id. The petitioner submits that "there is no record of a writing from the appropriate Attorney General in Rhea County or the Judge in Rhea County so as to comply with the statutory provision." While the state does not contest the applicability of the terms of the statute, it argues that the petitioner waived his right to challenge venue by entering a guilty plea. It cites Ellis v. Carlton, 986 S.W.2d 600, 601-02 (Tenn. Crim. App. 1998), for the following proposition:

> When a defendant pleads guilty, he waives the requirement that the State . . . prove each element of the offense beyond a reasonable doubt. In pleading guilty, a defendant also waives the requirement that the State prove venue by a preponderance of the evidence.

At the time of the conviction in this case, Tennessee Code Annotated § 17-2-206 (1980) provided that a criminal court judge sitting by interchange "in the circuit or division of another, shall have the same power and jurisdiction as the judge . . . in whose place he is acting." As early as 1849, our supreme court recognized that a judge presiding by interchange had the same powers and jurisdiction as the regular judge. Elms v. State, 29 Tenn. 128 (1849).

On July 5, 1998, Assistant District Attorney J. Michael Taylor, now District Attorney General for the Twelfth Judicial District, approved a motion signed by the petitioner and his counsel, John B. Putol, to "Allow Waiver of Trial by Jury and Venue." Tennessee Code Annotated § 40-35-214 provides in pertinent part as follows:

> (a) A defendant arrested, held, or present in a county other than that in which an indictment or information is pending against him may state in writing that he wishes to plead guilty, to waive trial in the county in which the indictment or information is pending, and to consent to the disposition of the case in the county in which he was arrested, held or present, subject to the approval of the district attorney general and the court having a criminal jurisdiction for each county. Upon receipt of the defendant's statement and of the written approval of the appropriate district attorneys general and courts, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court for the county in which the defendant was arrested, held, or present, and the prosecution shall continue in that county.

Tenn. Code Ann. § 40-35-214(a) (1982).

That a judge having criminal jurisdiction in Rhea County and the district attorney general there did not sign the waiver does not benefit the petitioner. In our view, the statute does not confer any rights on the accused. It is directory rather than mandatory, designed to establish the provisions by which the district attorneys general and judges exercise authority over the prosecution and disposition of criminal charges within their district. That a judge and a district attorney general of

one judicial district failed to execute documents of approval would not serve as a basis of relief for a defendant who has waived the issue of venue and, by all appearances, entered a knowing and voluntary guilty plea to third degree burglary. Regardless of any procedural deficiencies between the judicial districts, the record does not establish that the trial court was without jurisdiction to impose judgment. There was subject matter jurisdiction.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE