IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 24, 2011

## MICHAEL CHARLES KING v. HOWARD CARLTON, WARDEN

**Appeal from the Circuit Court for Johnson County**
**No. X3229    Jean A. Stanley, Judge**

_____

**No.  E2010-02297-CCA-R3-HC - Filed July 7, 2011**

_____

Following an indictment by the Cheatham County Grand Jury, Petitioner, Michael Charles King, entered a plea of nolo contendere to one count of felony murder in Dickson County. He was subsequently sentenced to life in prison.  Petitioner filed a petition for writ of habeas corpus.  The habeas corpus court summarily dismissed the petition. On appeal, Petitioner argues that his plea of nolo contendere was not sufficient to waive venue because the district attorney did not authorize the waiver in writing.  We have concluded that venue was properly waived, and Petitioner's judgment is valid.  Therefore, we affirm the decision of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., JOINED.

Michael Charles King, Pro Se, Mountain City, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter, David H. Findley, Assistant Attorney General; and Joe Crumley, District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Factual Background*

According to Petitioner's petition for writ of habeas corpus, the Cheatham County Grand Jury indicted him in 1991 for one count of first degree murder and one count of theft. After signing a waiver of venue, Petitioner pled guilty to one count of first degree murder in Dickson County Criminal Court.  He was sentenced to life in prison.

On June 18, 2009, Petitioner filed a petition for writ of habeas corpus. Petitioner argued that his conviction was illegal because the Dickson County Criminal Court lacked jurisdictional venue. On October 4, 2010, the habeas corpus court summarily dismissed the petition. Petitioner filed a timely notice of appeal.

**ANALYSIS**

On appeal, Petitioner argues that his waiver of venue through his guilty plea was not sufficient because the district attorney general is required by statute to execute a written document authorizing the waiver of venue and, in the case at hand, there is no such document.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T .C.A. § 29–21–109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

When presented with this issue in a previous case, our court has stated the following:

> In this appeal, the Defendant argues that the trial judge erred by dismissing his petition for habeas corpus relief without conducting an evidentiary hearing concerning his allegation that the convicting court was without jurisdiction due to improper venue. He argues that if he can prove that the crimes took place outside of Sullivan County, then the Criminal Court of Sullivan County had no jurisdiction over these offenses and therefore his convictions are void.

> Because Article 1, Section 9 of the Tennessee Constitution gives a person accused of a crime the right to have a jury trial in the county in which the crime was committed, venue is considered a jurisdictional fact in a criminal prosecution. *Harvey v. State*, 213 Tenn. 608, 376 S.W.2d 497, 498 (1964); *Norris v. State*, 127 Tenn. 437, 155 S.W. 165 (1913). It has thus been stated that the jurisdiction of the trial court is limited to the crimes which occur within the territorial boundaries of the county in which it sits. *State v. Hill*, 847 S.W.2d 544, 545 (Tenn. Crim. App. 1992); *see also* Tenn. R. Crim. P. 18.

> Although venue is a jurisdictional matter, Tennessee courts have consistently held that venue can be waived in certain circumstances. *See State v. Nichols*, 877 S.W.2d 722, 727-29 (Tenn. 1994) (motion for change of venue constitutes waiver of claim that court lacked jurisdiction); *State v. Turner*, 919 S.W.2d 346, 358 (Tenn. Crim. App. 1995) (rejecting the defendant's claim that the trial court was without jurisdiction to accept his guilty plea and holding that he waived the issue by raising the issue for the first time on appeal); *State v. Smith*, 906 S.W.2d 6, 9 (Tenn. Crim. App. 1995) (waiver by consenting to trial court's ruling that prosecution would be more appropriate in another county); *State v. Gilbert*, 751 S.W.2d 454, 462 (Tenn. Crim. App. 1988) (waiver by failing to stand on motion for judgment of acquittal and by failing to make references to the record). Obviously, if venue could not be waived, a defendant's request for a change of venue could never be granted.

> In a criminal trial, the burden is on the State to prove venue by a preponderance of the evidence. *Harvey v. State*, 213 Tenn. 608, 376 S.W.2d 497, 498 (1964). Slight evidence is enough to carry the prosecution's burden of preponderance if it is uncontradicted. *State v. Bloodsaw*, 746 S.W.2d 722, 724 (Tenn. Crim. App. 1987). Although a guilty plea will ordinarily obviate the necessity of any actual evidence being presented, the trial judge must nevertheless be satisfied that there is a factual basis for the plea. Tenn. R.

Crim. P. 11(f). Upon a plea of guilty, a factual basis may be and usually is shown simply by the prosecutor's statement of the evidence. *State v. Lord*, 894 S.W.2d 312, 316 (Tenn. Crim. App. 1994).

When a defendant pleads guilty, he waives the requirement that the State be required to prove each element of the offense beyond a reasonable doubt. In pleading guilty, a defendant also waives the requirement that the State prove venue by a preponderance of the evidence.

*Ellis v. Carlton*, 986 S.W.2d 600, 601-02 (Tenn. Crim. App. 1998).

Therefore, because Petitioner signed a waiver of venue and pled nolo contendere to the offense, he cannot now say that his conviction is invalid because the trial court lacked jurisdiction based upon venue.

Petitioner also argues that our Code requires written authorization by the district attorney for the conviction to be valid after the waiver of venue under Tennessee Code Annotated section 40-35-214 which states:

(a) A defendant arrested, held or present in a county, other than that in which an indictment or information is pending against the defendant, may state in writing that the defendant wishes to plead guilty, to waive trial in the county in which the indictment or information is pending and to consent to the disposition of the case in the county in which the defendant was arrested, held or present, subject to the approval of the district attorney general and the court having criminal jurisdiction for each county. Upon receipt of the defendant's statement and of the written approval of the appropriate district attorneys general and courts, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding or certified copies of the papers to the clerk of the court for the county in which the defendant was arrested, held or present, and the prosecution shall continue in that county.

T.C.A. § 40-35-214(a). However, our Court has previously ruled that a written document is not necessary. In *Kenneth Stomm v. State*, No. E1999-00392-CCA-R3-PC, 2001 WL 872794 (Tenn. Crim. App., at Knoxville, Aug. 2, 2001), *perm. app. denied*, (Tenn. Dec. 10, 2001), our Court stated the following:

That a judge having criminal jurisdiction in Rhea County and the district attorney general there did not sign the waiver does not benefit the petitioner. In our view, the statute does not confer any rights on the accused. It is directory rather than mandatory, designed to establish the provisions by which the district attorneys general and judges exercise authority over the prosecution and disposition of criminal charges within their district. That a judge and a district attorney general of one judicial district failed to execute documents of approval would not serve as a basis of relief for a defendant who has waived the issue of venue and, by all appearances, entered a knowing and voluntary guilty plea to third degree burglary. Regardless of any procedural deficiencies between the judicial districts, the record does not establish that the trial court was without jurisdiction to impose judgment. There was subject matter jurisdiction.

2001 WL 872794, at *3.

Therefore, Petitioner's argument must fail.

## **CONCLUSION**

For the foregoing reasons, we affirm the habeas corpus court's summary dismissal of the petition.

_____
JERRY L. SMITH, JUDGE