IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
August 5, 2025 Session

**STATE OF TENNESSEE v. JUSTIN DARNAY GRAVES**

**Appeal from the Circuit Court for Madison County**
**No. 20-702   Donald H. Allen, Judge**

---

**No. W2024-01283-CCA-R3-CD**

---

CAMILLE R. MCMULLEN, J., concurring in part and dissenting in part.

I agree with the majority opinion insofar as it reverses the Defendant's convictions for the sale of heroin and methamphetamine. Because I disagree that Madison County had venue as to the charges pertaining to the Defendant's delivery of those drugs, I respectfully dissent from the affirmance of those convictions.

The proof in this case established that the Defendant struck a deal with the victim for the Defendant's sale and delivery of illegal drugs to him. The point of sale and delivery was established by both parties to be in Gibson County. Indeed, the proof established that the deal was transacted as agreed: in Gibson County.

Although the place of transaction between the Defendant and the victim was in Gibson County, the Defendant was based in Madison County. Accordingly, to hold up his end of the bargain, the Defendant had to transport the drugs from Madison County to Gibson County. Importantly, the proof in this case established that the transaction was a *sale*: before the victim was entitled to possession of the drugs he was purchasing, he had to pay the Defendant for them.

Our statutes provide that it is a criminal offense "for a defendant to knowingly: (1) Manufacture a controlled substance; (2) Deliver a controlled substance; (3) Sell a controlled substance; or (4) Possess a controlled substance with intent to manufacture, deliver, or sell the controlled substance." Tenn. Code Ann. § 39-17-417(a) (2019). Our Legislature's use of the word "or" indicates that these are distinct and separate offenses. Indeed, the Tennessee Sentencing Commission comments to this statute provide that "[t]he commission wished to make it clear that each of these acts was a separate offense and therefore listed the manufacture, delivery, sale or possession with intent to manufacture, deliver or sell each as a separate subsection." See also, e.g., State v. Lindsey, 208 S.W.3d

- 1 -

432, 438 (Tenn. Crim. App. 2006) ("The Sentencing Commission Comments make it clear that the offense of 'selling' and the offense of 'delivering' a controlled substance are two separate offenses in Tennessee.").

A trial court has venue in a criminal prosecution *only* when at least one of the elements of the charged crime was committed within the trial court's territorial jurisdiction, i.e., the county in which the trial court sits. See Ellis v. Carlton, 986 S.W.2d 600, 601 (Tenn. Crim. App. 1998) (recognizing that "the jurisdiction of the trial court is limited to the crimes which occur within the territorial boundaries of the county in which it sits") (citing State v. Hill, 847 S.W.2d 544, 545 (Tenn. Crim. App. 1992)); see also Harvey v. State, 376 S.W.2d 497, 498 (Tenn. 1964) (recognizing that "the requirement of proof of the venue as laid is not only a constitutional right of the accused, but also a fact necessary to the jurisdiction of the court. Though venue is not an element of the offense which must be proved beyond a reasonable doubt, it is a jurisdictional fact which must be proved by a preponderance of the evidence") (citations omitted); Tenn. Code Ann. § 39-11-201(e) ("No person may be convicted of an offense unless venue is proven by a preponderance of evidence."); Tenn. R. Crim. P. 18(b) ("If one or more elements of an offense are committed in one county and one or more elements in another, the offense may be prosecuted in either county."); Tenn. Code Ann. § 39-11-103(d) (same). When considering whether a trial court has venue, then, it is imperative to closely examine the statute setting forth the elements of the charged crime.

As set forth above, the statutory language relevant to the charge of delivering a controlled substance provides that "[i]t is an offense for a defendant to knowingly . . . [d]eliver a controlled substance." Tenn. Code Ann. § 39-17-417(a)(2) (2019). I agree with the majority that the crime of delivery of a controlled substance has two conduct elements: a delivery and a controlled substance. The terms "deliver" and "delivery" are statutorily defined as "the actual, constructive, or *attempted transfer from one person to another* of a controlled substance . . . ." Tenn. Code Ann. § 39-17-402(6) (emphasis added). In my view, the key word in this definition is "transfer."

Black's Law Dictionary defines the term "transfer" as, in pertinent part, "[a]ny mode of disposing of or parting with an asset . . . . The term embraces every method – direct or indirect, absolute or conditional, voluntary or involuntary – of disposing of or parting with property . . . ." and, in its verb form, as "[t]o convey or remove from one place or one person to another; to pass or hand over from one to another, esp. to change over the possession or control of." In the context of illegal drug transactions, the plain meaning of the word "transfer" is the conveyance of the contraband from one person to another. That is, the person in possession of the drugs takes some action to bestow that possession on someone else. A delivery of a controlled substance, then, occurs when the person in possession of the drugs engages in some conduct necessary to *dispossessing* himself of the drugs such that some other person comes into possession of them. If his conduct in dispossessing himself of the drugs is not successful, such that another person does not take

possession of them, his conduct may be described as an attempted transfer. Under our statute defining "delivery," that attempted but unsuccessful passing of possession is, nevertheless, a "delivery."

For instance, if John hands Mary a package of cocaine and she takes the package into her possession, John has effected a delivery. If, in response to John's effort to hand her something, Mary throws up her hands and backs away without taking possession of the package, John has effected an attempted transfer: also a delivery. Under either scenario, John is criminally liable for the offense of a knowing delivery of a controlled substance.

Alternatively, John places a package of cocaine in a locker and gives the combination to Mary for her to retrieve the drugs at her convenience. Mary never retrieves the package. John has, nevertheless, effected an attempted transfer and is criminally liable for the offense of a knowing delivery of a controlled substance. If John gives the cocaine to a drug mule with instructions to deliver them to Mary, but the mule absconds with the drugs himself and Mary never receives them, John has, nevertheless, committed an actual transfer and, therefore, a knowing delivery of a controlled substance because John transferred possession of the drugs from himself to the mule.

In each of these scenarios, John has engaged in some conduct to dispossess himself of the drugs that he had in his possession, i.e., he has engaged in an actual, constructive, or attempted transfer of the drugs to another person as required by the statute.

In contrast, the Defendant in this case made absolutely no effort to dispossess himself of the drugs he intended to sell to the victim while the Defendant was in Madison County. Granted, the proof supports the inference that, while he was in Madison County, the Defendant had the intent to dispossess himself of the drugs, at least if he was paid for them, but that state of mind does not supply the necessary conduct element required for venue.

Rather, the proof in this case established that, while he was in Madison County, the Defendant possessed a controlled substance with the intent to deliver or sell it to the victim. Had the Defendant been charged with that offense, Madison County clearly would have had venue. However, the Defendant was not charged with that offense.

The majority attempts to rescue the prosecution from this deficiency by pointing to the actions the Defendant took while in Madison County relevant to his striking a drug deal with the victim: discussions about the deal; agreeing to deliver the drugs in Gibson County; previous meetings in Madison County with the victim; and basing his operation out of Madison County. But none of these actions by the Defendant constituted an attempted transfer of the drugs from his physical possession to the victim's physical possession. All of these activities were, at most, preparatory to an eventual transfer of the drugs *in Gibson County*.

The majority also refers to the fact that the Defendant travelled with the drugs from Madison County to Gibson County as proof that he committed within Madison County an element of the crime of delivering a controlled substance. However, merely transporting drugs with the intent to eventually deliver them is not, in and of itself, an attempted *transfer* from one person to another. No attempted transfer occurs until the transporter takes some action to actually part with the drugs. After all, a transporter may, at any point prior to delivery, change his or her mind about parting with the drugs in his or her possession. Indeed, that result is likely if the buyer does not pay the agreed-upon price for the drugs. In that case, common sense dictates the conclusion that no transfer has been either attempted or completed; therefore, neither the sale or delivery of a controlled substance has been committed. Rather, the crime of possession with the intent to sell or deliver has been committed.

Well-established principles of statutory construction also compel this conclusion. Under the majority's analysis, any person who knowingly transports illegal drugs with the intention of delivering them is guilty of the offense of delivering a controlled substance. Because any person who is transporting drugs also necessarily possesses them, this construction of the delivery offense would subsume the possession offense. However, this Court must construe statutes in such a way that no part is rendered inoperative, superfluous, void, or insignificant. See Tenn. Dept. of Correction v. Pressley, 528 S.W.3d 506, 513 (Tenn. 2017) (citing Tidwell v Collins, 522 S.W.2d 674, 676-77 (Tenn. 1975)). Rather, "'[t]he most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting *or expanding* a statute's coverage beyond its intended scope.'" Id. (quoting State v. Howard, 504 S.W.3d 260, 269 (Tenn. 2016)) (emphasis added).

Had our Legislature intended to criminalize the knowing transport of drugs with the intent to deliver, it could have done so. It did not. Instead, it chose to criminalize the knowing possession of drugs with the intent to deliver, a broader statute that necessarily includes any transport of drugs. The Defendant could have been prosecuted in Madison County for the knowing possession with intent to deliver, but he was not charged with that offense. By misconstruing "attempted transfer" so as to include the transport of drugs intended for an eventual delivery in a different county, the majority is impermissibly legislating a new criminal offense.

In this case, venue was not established unless the State adduced sufficient proof that, while he was in Madison County, the Defendant committed an element of the charged offense of the knowing delivery of a controlled substance. That is, the trial court had venue if, while he was within the borders of Madison County, the Defendant knowingly made an actual, constructive, or attempted transfer of the heroin and methamphetamine to the victim. The proof does not support this conclusion.

- 4 -

For the foregoing reasons, I respectfully dissent from that portion of the majority opinion affirming the Defendant's convictions for the delivery of a controlled substance. I would hold that the State failed to adduce sufficient evidence to establish venue and that, accordingly, the Defendant's convictions must be reversed and this matter remanded for further proceedings. See State v. Hutcherson, 790 S.W.2d 532, 534-35 (Tenn. 1990) (where venue was not proper, remedy was reversal and remand of the charges for retrial in the proper county).


s/ **_Camille R. McMullen_**
CAMILLE R. MCMULLEN, JUDGE