# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JULY SESSION, 1998

FILED

September 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JONATHAN ELLIS, | ) | C.C.A. NO. 03C01-9711-CR-00493 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | JOHNSON COUNTY |
| VS. | ) | |
| | ) | HON. LYNN W. BROWN |
| HOWARD CARLTON, | ) | JUDGE |
| WARDEN, STATE OF | ) | |
| TENNESSEE | ) | |
| | ) | |
| Appellee. | ) | (Habeas Corpus) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF JOHNSON COUNTY

FOR THE APPELLANT:

JONATHAN ELLIS, PRO SE
P.O. Box 5000
Mountain City, TN 37683-5000

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

ELLEN H. POLLACK
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Jonathan Ellis, appeals as of right from the dismissal of his petition for habeas corpus relief. The Defendant is an inmate in the custody of the Department of Correction. According to his petition, on May 10, 1994, he pleaded guilty to and was convicted of thirteen counts of aggravated rape and was sentenced to concurrent terms of twenty-five years for each conviction. On July 25, 1997, the Defendant filed a petition for a writ of habeas corpus alleging that the Criminal Court of Sullivan County, in which he pleaded guilty, did not have jurisdiction to convict him of these offenses because the crimes were actually committed in Hawkins County rather than Sullivan County. The trial court summarily dismissed the petition, concluding that the allegation of lack of venue did not provide the Defendant grounds for habeas corpus relief. We affirm the judgment of the trial court.

The record reflects that the Defendant was charged in each count of the presentment with committing the crime in Sullivan County, Tennessee. In the written plea of guilty signed by the Defendant, the Defendant stated "that he is guilty of the charge(s) because the facts which he knows to exist equal the elements of the charge(s) as those elements have been explained to him by the court. Defendant therefore states that there is a factual basis for his plea."

Habeas corpus relief is available only when a convicting court is without jurisdiction or authority to sentence a defendant or when that defendant's term

of imprisonment or restraint has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

In this appeal, the Defendant argues that the trial judge erred by dismissing his petition for habeas corpus relief without conducting an evidentiary hearing concerning his allegation that the convicting court was without jurisdiction due to improper venue. He argues that if he can prove that the crimes took place outside of Sullivan County, then the Criminal Court of Sullivan County had no jurisdiction over these offenses and therefore his convictions are void.

Because Article 1, Section 9 of the Tennessee Constitution gives a person accused of a crime the right to have a jury trial in the county in which the crime was committed, venue is considered a jurisdictional fact in a criminal prosecution. Harvey v. State, 376 S.W.2d 497, 498 (Tenn. 1964); Norris v. State, 155 S.W. 165 (Tenn. 1913). It has thus been stated that the jurisdiction of the trial court is limited to the crimes which occur within the territorial boundaries of the county in which it sits. State v. Hill, 847 S.W.2d 544, 545 (Tenn. Crim. App. 1992); see also Tenn. R. Crim. P. 18.

Although venue is a jurisdictional matter, Tennessee courts have consistently held that venue can be waived in certain circumstances. See State v. Nichols, 877 S.W.2d 722, 727-29 (Tenn. 1994) (motion for change of venue constitutes waiver of claim that court lacked jurisdiction); State v. Turner, 919 S.W.2d 346, 358 (Tenn. Crim. App. 1995) (rejecting the defendant's claim that the trial court was without jurisdiction to accept his guilty plea and holding that he waived the issue by raising the issue for the first time on appeal); State v. Smith,

906 S.W.2d 6, 9 (Tenn. Crim. App. 1995) (waiver by consenting to trial court's ruling that prosecution would be more appropriate in another county); State v. Gilbert, 751 S.W.2d 454, 462 (Tenn. Crim. App. 1988) (waiver by failing to stand on motion for judgment of acquittal and by failing to make references to the record). Obviously, if venue could not be waived, a defendant's request for a change of venue could never be granted.

In a criminal trial, the burden is on the State to prove venue by a preponderance of the evidence. Harvey v. State, 376 S.W.2d 497, 498 (Tenn. 1964). Slight evidence is enough to carry the prosecution's burden of preponderance if it is uncontradicted. State v. Bloodsaw, 746 S.W.2d 722, 724 (Tenn. Crim. App. 1987). Although a guilty plea will ordinarily obviate the necessity of any actual evidence being presented, the trial judge must nevertheless be satisfied that there is a factual basis for the plea. Tenn. R. Crim. P. 11(f). Upon a plea of guilty, a factual basis may be and usually is shown simply by the prosecutor's statement of the evidence. State v. Lord, 894 S.W.2d 312, 316 (Tenn. Crim. App. 1994).

When a defendant pleads guilty, he waives the requirement that the State be required to prove each element of the offense beyond a reasonable doubt. In pleading guilty, a defendant also waives the requirement that the State prove venue by a preponderance of the evidence.

The Defendant in the case at bar was charged with committing thirteen counts of aggravated rape in Sullivan County, Tennessee. In the Criminal Court of Sullivan County, Tennessee, he pleaded guilty to these charges. Once a

criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights occurring prior to the entry of the guilty plea. State v. Hodges, 815 S.W.2d 151, 153 (Tenn. 1991). We believe that a criminal defendant waives his right to challenge venue upon pleading guilty. Recor v. State, 489 S.W.2d 64, 69 (Tenn. Crim. App. 1972); Weaver v. State, 472 S.W.2d 898, 902 (Tenn. Crim. App. 1971).

Even though venue is jurisdictional in a criminal case, it may be waived. We conclude that a guilty plea waives venue. Therefore, even if one or more of the Defendant's crimes actually took place outside of Sullivan County, the Sullivan County Criminal Court had jurisdiction to convict the Defendant upon his pleas of guilty. The judgment of the trial court denying the Defendant habeas corpus relief is accordingly affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
GARY R. WADE, PRESIDING JUDGE

_____
JOSEPH M. TIPTON, JUDGE