# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 25, 2001

## CHARLES SHELTON v. HOWARD CARLTON, WARDEN

**Post-Conviction Appeal from the Criminal Court for Johnson County**
**No. 3601          Lynn W. Brown, Judge**

---

**No. E2000-02805-CCA-R3-PC**
**August 24, 2001**

---

The appellant, Charles Shelton, appeals the dismissal of his habeas corpus petition by the Johnson County, Tennessee, Criminal Court.[1]  Following a review of the petition and the record herein we find that the judgment of the trial court should be AFFIRMED.

**Tenn. R. App. P. 3; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Charles Shelton, *pro se*, Mountain City, Tennessee.

Paul G. Summers, Attorney General & Reporter; Glen C. Watson, Assistant Attorney General; Joe Crumley, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Background

This is an appeal from the dismissal in the trial court of the appellant's Petition for the Writ of Habeas Corpus.  The petition was dismissed for failure to state any cognizable claim for relief in a habeas corpus action.  The petition alleges three grounds for relief; specifically:

1.     That the trial court lacked jurisdiction to sentence the appellant;

2.     That the indictments against him were fatally flawed; and

---

[1]Although the subject of this petition is a judgment of the Greene County Criminal Court, it appears this petition was filed in Johnson County because it is closest to the appellant's place of confinement. See Tenn. Code Ann. § 29-21-105.

3.      That his sentence has expired as a matter of law.

The appellant was convicted in 1987 of two (2) counts of aggravated sexual battery and one (1) count of crime against nature. He received sentences totaling fifty-two (52) years. In May, 1997, the appellant filed a post-conviction petition which was summarily dismissed. On appeal this Court affirmed that dismissal. Charles Shelton v. State, Greene Co. No. 03C01-9707-CR-00236 (Tenn. Crim. App. filed March 24, 1998, at Knoxville). On August 15, 2000, the appellant filed the instant petition which the trial court dismissed on October 26, 2000.

Unlike a petition for post-conviction relief, the purpose of a habeas corpus petition is to contest void as opposed to voidable judgments. Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993). Habeas relief is available only when it appears on the face of the judgment or record of the proceedings upon which the judgment was rendered either that the convicting court was without jurisdiction or authority to sentence the defendant, or that the defendant's sentence has expired.

With respect to the appellant's claim that the trial court lacked jurisdiction to sentence him, it appears from the record that each count of the indictment against the appellant charges him with having committed the offenses in Greene County, Tennessee. He was convicted and sentenced in the Greene County Criminal Court. Moreover, the appellant entered guilty pleas to the offenses with which he was charged thereby waiving any claim of improper venue. See Ellis v. Carlton, 986 S.W.2d 600 (Tenn. Crim. App. 1998). This issue is clearly without merit.

Secondly, appellant claims that the absence in the indictment of specific dates on which the offenses were alleged to have occurred renders the indictments void. However, the law in Tennessee is quite clear that the exact date, or even year, of an offense need not be alleged in an indictment unless the date or time is a material ingredient in the offense. Tenn. Code Ann. § 40-13-207 (1991); State v. Byrd, 820 S.W.2d 739, 740 (Tenn. 1991). The crimes for which the appellant was convicted do not have specific dates or times as material ingredients. See State v. West, 787 S.W.2d 790-793 (Tenn. Crim. App. 1987). This issue is likewise without merit.

Finally, the appellant's claim that his sentence has expired requires the courts to engage in calculation of sentence reduction credits, the calculation of sentence expiration dates, and the calculation of the parole eligibility, etc. These issues are not cognizable in a habeas corpus proceeding. State v. Warren, 740 S.W.2d 425, 428 (Tenn. Crim. App. 1986). It is also apparent that fifty-two (52) years have not elapsed since the commission of the offenses in question in 1987. This issue is also without merit.

Accordingly, the judgment of the lower court dismissing the habeas corpus petition is AFFIRMED.

_____
JERRY L. SMITH, JUDGE