IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 29, 2005

## JONATHAN ELLIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Johnson County**
**No. 4639     Lynn W. Brown, Judge**

_____

**No. E2005-01445-CCA-R3-HC - Filed February 10, 2006**

_____

The petitioner, Jonathan Ellis, appeals pro se from the Johnson County Criminal Court's dismissal of his petition for habeas corpus relief from his convictions for thirteen counts of aggravated rape, a Class A felony, and resulting sentences of twenty-five years on each conviction to be served concurrently as a Range I, standard offender in the Department of Correction. He claims his judgments of conviction are void because they classify his release eligibility status at thirty percent in violation of statute. We conclude that four of the sentences are illegal. Therefore, we affirm the trial court's judgment in part, reverse the judgment in part, and remand the case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part;**
**Reversed in Part; Case Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Jonathan Ellis, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; and Joe C. Crumley, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the petitioner's convictions for thirteen counts of aggravated rape. On May 10, 1994, pursuant to a plea agreement, the Sullivan County Criminal Court accepted the petitioner's guilty pleas and sentenced him to twenty-five years on each count to be served concurrently. The trial court entered all thirteen judgments against the petitioner on one judgment form. The petitioner filed his first petition for habeas corpus relief alleging that the Sullivan County Criminal Court did not have jurisdiction to convict him of the offenses. The trial court summarily dismissed the petition, and this court affirmed the trial court's dismissal on appeal. See Ellis v. Carlton, 986 S.W.2d 600, 601 (Tenn. Crim. App. 1998). On April 25, 2005, the petitioner filed a second petition for habeas corpus relief alleging that his judgments of conviction were void because

three of his sentences were in direct contravention of statute, the judge failed to sign the judgment form, and the judgment did not comply with Tennessee Code Annotated section 40-35-209(e), which outlines the information the uniform judgment form must contain. The trial court summarily dismissed the petition, stating, "Nothing in the petition would support a finding by this court that petitioner's conviction is void or that his sentence has expired."

On appeal, the petitioner contends that the trial court erred by summarily dismissing his petition without appointing him counsel and that his sentences on three of the aggravated rape counts are illegal under McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001). He claims that the Tennessee Department of Correction processed his sentence in a manner that reflects that the offenses committed after July 1, 1992, are to be served at one hundred percent and that the petitioner is classified as a multiple rapist. He alleges that his plea agreement reflected that his release eligibility date would be thirty percent. He asserts that Tennessee Code Annotated section 39-13-523 (effective July 1, 1992) requires that the aggravated rape counts committed by petitioner in August 1992, September 1992, and October 1992, be served at one hundred percent undiminished by sentence reduction credits. He claims therefore that his judgments are void because they contain sentences in direct contravention of section 39-13-523.

The state claims that although three of the petitioner's sentences have unauthorized release eligibility dates, the trial court properly dismissed the petitioner's petition because the petitioner should have raised the issue via post-conviction. The state concedes that the sentences for the aggravated rapes committed in August, September, and October 1992 are illegal. The state asserts that an illegal sentence does not render an entire judgment void as long as the petitioner is being held under a valid conviction. The state asserts that if this court determines the petitioner is entitled to habeas relief, we should limit our holding to the three convictions for offenses occurring after July 1, 1992.

The trial court may summarily dismiss a petition for writ of habeas corpus relief when the petitioner does not state a cognizable claim. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). A petition for the writ of habeas corpus may only be brought if the judgment is void or the sentence has expired. Archer v. State, 851 S.W.2d 157, 163-64 (Tenn. 1993). However, if the claimed illegality renders the judgment or sentence voidable, rather than void, no relief can be granted. Id. at 161. A sentence imposed in direct contravention of a statute is illegal and void. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). The determination of whether relief should be granted is a question of law which this court reviews de novo. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

In McLaney, our supreme court stated that a petitioner's sentence could be set aside at any time as a void judgment if the face of the judgment or underlying proceedings establish that the sentence is in direct contravention of statute. McLaney, 59 S.W.3d at 93-94 (citing McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000)). When "a void sentence is based upon a guilty plea, the habeas corpus court declares void and vacates the judgment but defers to the conviction court to address the petitioner's guilty plea that is left pending in the wake of the vacated judgment."

Coleman v. Morgan, 159 S.W.3d 887, 892 (Tenn. Crim. App. 2004) (citing McLaney, 59 S.W.3d at 94). Upon remand to the conviction court, the petitioner may withdraw the plea or the conviction may remain. Id. (citing McLaney, 59 S.W.3d at 94-95).

In Mark L. Grimes v. Fred Rainey, Warden, No. W2002-01583-CCA-R3-CO, Lake County, slip op. (Tenn. Crim. App. Aug. 5, 2003), a case similar to the present one, the petitioner entered guilty pleas to three counts of rape and was sentenced to an effective thirty-six year sentence with a thirty percent release eligibility date. Grimes, slip op. 1-2. Seven years later, the trial court modified the petitioner's sentence to reflect that he was a multiple rapist who must serve one hundred percent of his thirty-six year sentence pursuant to Tennessee Code Annotated section 39-13-523. Id., slip op. 1. Relying on McLaney, this court concluded that the petitioner's original sentence which provided for a thirty percent release eligibility date was in direct contravention of statute and therefore, void and illegal. Id., slip op. 4.

The consolidated judgment form in the present case reflects thirteen convictions with the offense dates of October 1990, November 1990, December 1990, January 1991, February 1991, March 1991, April 1992, May 1992, June 1992, July 1992, August 1992, September 1992, and October 1992. A multiple rapist is "a person convicted two (2) or more times of violating the provisions of § 39-13-502 [aggravated rape] . . . ." T.C.A. § 39-13-523(a)(2) (1992). Tennessee Code Annotated section 39-13-523 became effective on July 1, 1992, and requires that multiple rapists "shall be required to serve the entire sentence imposed by the court undiminished by any sentence reduction credits." T.C.A. § 39-13-523(b) (1992). It also states, "The provisions of this section requiring multiple rapists to serve the entire sentence imposed by the court shall only apply if at least one (1) of the required offenses occurs on or after July 1, 1992." T.C.A. § 39-13-523(e) (1992) (emphasis added).

Therefore, four of the petitioner's convictions, not three as alleged by the petitioner and conceded by the state, are in direct contravention of statute. The conviction for aggravated rape occurring in July 1992 is also subject to being served at one hundred percent under Tennessee Code Annotated section 39-13-523(e) (1992). It occurred "on or after July 1, 1992" and falls under the reach of the statute when coupled with any and all of the nine convictions for the offenses occurring before July 1992. We conclude that the sentences imposed for case numbers S35,427 (offense date July 1992), S35,428 (offense date August 1992), S35,429 (offense date September 1992), and S35,430 (offense date October 1992) are illegal and void.

The sentences for the first nine counts of aggravated rape with offense dates ranging from October 1990 to June 1992, are not in direct contravention of a statute. Before July 1, 1992, aggravated rape, a Class A felony, resulted in a sentence of fifteen to twenty-five years for a Range I, standard offender to be served at thirty percent. See T.C.A. § 40-35-101 (1990). Therefore, the sentences of twenty-five years with release eligibility at thirty percent for those nine counts of aggravated rape are valid.

        We remand this case to the Johnson County Criminal Court to vacate the petitioner's rape sentences in case numbers S35,427, S35,428, S35,429, and S35,430.  The trial court should transfer the matter to the Sullivan County Criminal Court, as the convicting court, for further proceedings in accordance with McLaney.

                                          CONCLUSION

        Based on the foregoing and the record as a whole, the judgment of the trial court is affirmed in part and reversed in part, and the case is remanded to the trial court.


                                        _____
                                        JOSEPH M. TIPTON, JUDGE