IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 15, 2015


**JOSE A. RIVAS v. GERALD MCALLISTER, WARDEN**


**Appeal from the Criminal Court for Johnson County**
**No. CC-2015-CR-82     Stacy L. Street, Judge**

_____


**No. E2015-01506-CCA-R3-HC – Filed March 4, 2016**

_____


In 2005, the petitioner pled guilty as a career offender to two counts of facilitation of first degree murder, a Class A felony, and he was sentenced to serve an effective sentence of sixty years in prison. On May 22, 2015, the petitioner filed a petition for the writ of habeas corpus, asserting that the trial court lacked jurisdiction because, while his crimes took place in Hancock County, his guilty pleas were entered in Greene County. The trial court dismissed the petition, and the petitioner appeals. On review, we conclude that the judgments are facially valid, and we affirm the dismissal of the petition.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., J., joined. ROGER A. PAGE, SP. J., not participating.

Jose A. Rivas, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Benjamin A. Ball, Senior Counsel, for the Appellee, State of Tennessee.



**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

The petitioner was charged in 2004 with the first felony degree murder of Ance J. "Pete" Pratt and Rebecca Mills Pratt in a six-count indictment. He pled guilty to two counts of facilitation of first degree murder and was sentenced as a career offender to two

concurrent sixty-year terms. The indictments reflect that the crimes took place in Hancock County. The judgment forms likewise indicate that the defendant was convicted in Hancock County. Two documents, the defendant's signed "Negotiated Plea Agreement" and "Waiver of Rights and Plea of Guilty," were printed forms bearing the phrase "In the Criminal Court of Greene County, Tennessee," where the word "Greene" was crossed out and replaced with a handwritten "Hancock."

In his petition, the petitioner asserts that he was arrested and held in Greene County and that his guilty plea was entered in the Greene County courthouse. He asserts that he never executed a waiver of venue, that he did not know that he had the right to be adjudged in the county in which the crimes were committed, and that the trial court was without jurisdiction to accept his guilty pleas. The State moved to dismiss the petition, arguing that a guilty plea waives any challenge to venue and further noting that the judgments appeared to be facially valid. The trial court dismissed without a hearing or appointment of counsel. The petitioner appeals.

## ANALYSIS

Article I, section 15 of the Tennessee Constitution provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Habeas corpus may be granted to "[a]ny person imprisoned or restrained of liberty… to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101(a) (2010). The application for the writ must be made by petition and verified by affidavit. T.C.A. § 29-21-107(a). The granting or denial of a petition for habeas corpus relief is a question of law reviewed de novo with no presumption of correctness afforded to the trial court's findings or conclusions. *Edwards v. State*, 269 S.W.3d 915, 919 (Tenn. 2008).

While the statutory language "appears broad, in fact, '[h]abeas corpus under Tennessee law has always been, and remains, a very narrow procedure.'" *Edwards*, 269 S.W.3d at 919 (quoting *Archer v. State*, 851 S.W.2d 157, 162 (Tenn. 1993). In order to merit relief, a petitioner must establish that the challenged judgment is not merely voidable, but void. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005). A judgment is voidable when it is "facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A void judgment, on the other hand, is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* "[T]he question of whether a judgment is void 'is always one of jurisdiction, that is, whether the order, judgment or process under attack comes within the lawful authority of the court or judge rendering or issuing it.'" *Edwards*, 269 S.W.3d at 920 (quoting *State ex rel. Anglin v.*

2

*Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979), *overruled on other grounds by Archer*, 851 S.W.2d at 162-64).

Relief is only available when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer*, 851 S.W.2d at 164 (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (Tenn. 1868)).

The habeas corpus court has the authority to dismiss the petition if the petition shows that the petitioner "would not be entitled to any relief." T.C.A. § 29-21-109. Accordingly, if the petition fails to establish that the judgment is void, the habeas corpus court is not obligated to hold a hearing on the allegations. *Hogan*, 168 S.W.3d at 755.

Article I, section 9 gives the accused the right to a trial "by an impartial jury of the County in which the crime shall have been committed." The jurisdiction of a court extends only "to the crimes which occur within the territorial boundaries of the county in which it sits." *Ellis v. Carlton*, 986 S.W.2d 600, 601 (Tenn. Crim. App. 1998). Accordingly, venue is considered a jurisdictional element. *Id.*

The petitioner is nevertheless not entitled to relief. The writ of habeas corpus may only be granted if it appears "upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that the judgment is void. *Archer*, 851 S.W.2d at 164 (quoting *Galloway*, 45 Tenn. (5 Cold.) 326, 336-37). In this case, all of the documents comprising the face of the judgment and record of the proceedings[1] indicate that the crimes and convictions took place in Hancock County. The judgments and indictments reflect that the petitioner was indicted and pled guilty in Hancock County. The plea agreement documents show that the word "Greene" was crossed out and replaced with a handwritten "Hancock." The only documents referring to the petitioner's presence in Greene County are a letter from his attorney and one from the Hancock County Circuit Court Clerk. A judgment which is "facially valid and requires proof beyond the face of the record or judgment to establish its invalidity" is merely voidable and not void. *Summers*, 212 S.W.3d at 256. Here, the judgments are facially valid. Accordingly, the petitioner is not entitled to relief.

---

[1] The petitioner includes as an attachment to his appellate brief a transcript of the hearing on his guilty plea. While we do not consider a transcript attached to a brief because it is not part of the record, *State v. Matthews*, 805 S.W.2d 776, 783 (Tenn. Crim. App. 1990), we note that the transcript reflects that the proceedings took place in the Criminal Court for Hancock County, that the court was addressing "the matters in Hancock County," and the court informed the defendant he was "charged and pleading guilty in two counts…in Hancock County."

3

We note parenthetically that, despite the fact that venue is jurisdictional, venue may be waived. *Ellis*, 986 S.W.2d at 601. In general, a guilty plea "constitutes an admission of all facts alleged and a waiver of procedural and constitutional defects in the proceedings that occurred before the entry of the plea." *State v. Smith*, 996 S.W.2d 845, 846 (Tenn. Crim. App. 1999). While the petitioner is correct that challenges to the trial court's *subject matter* jurisdiction may be raised at any time, other defects in the indictment are subject to waiver by the accused. *State v. Nixon*, 977 S.W.2d 119, 120-21 (Tenn. Crim. App. 1997) ("'Lack of jurisdiction' refers to *subject matter jurisdiction* which a defendant has no power to waive." (Quoting *Pon v. United States*, 168 F.2d 373, 374 (1948))). "In pleading guilty, a defendant … waives the requirement that the State prove venue by a preponderance of the evidence." *Ellis*, 986 S.W.2d at 602. Accordingly, the petitioner's claims are not, in any event, a basis for relief.

## CONCLUSION

Because the judgments are valid on their face, we affirm the habeas corpus court's dismissal of his petition.

_____
JOHN EVERETT WILLIAMS, JUDGE

4