IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 24, 2018

## JOSE A. RIVAS v. RANDY LEE, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. CC-17-CR-57    Lisa N. Rice, Judge**

_____

### No. E2017-01597-CCA-R3-HC

_____

The petitioner, Jose A. Rivas, appeals the summary dismissal of his petition for writ of habeas corpus, which challenged his 2005 Hancock County Criminal Court guilty-pleaded convictions of facilitation of first degree murder. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Jose A. Rivas, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Benjamin A. Ball, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, originally charged with six counts of first degree felony murder, pleaded guilty as a career offender on September 16, 2005, to two counts of facilitation of first degree murder in exchange for concurrent 60-year sentences. It appears that the petitioner neither perfected a direct appeal nor sought post-conviction relief. On May 22, 2015, the petitioner filed his first petition for writ of habeas corpus, alleging that the trial court lacked jurisdiction because his crimes were committed in Hancock County but his guilty pleas were entered in Greene County. The habeas corpus court summarily dismissed the petition, concluding that the petitioner had waived venue upon entry of his guilty pleas, thus vesting the trial court with jurisdiction to convict him, and that accordingly the petitioner had failed to state a cognizable ground for habeas corpus relief. This court affirmed the dismissal on appeal. *See Jose A. Rivas v. Gerald McAllister, Warden*, No. E2015-01506-CCA-R3-HC, slip op. at 1 (Tenn. Crim. App., Knoxville, Mar. 4, 2016), *perm. app. denied* (Tenn. June 23, 2016).

On May 9, 2017, the petitioner again sought habeas corpus relief in a nearly identical petition in which he once again challenged the jurisdiction of the trial court. The habeas corpus court again summarily dismissed the petition.

In this appeal, the petitioner reiterates his claim that the trial court lacked jurisdiction. The State responds that the habeas corpus court's dismissal was appropriate because the petitioner failed to state a cognizable claim for habeas corpus relief.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)). The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In our view, the petitioner has failed to establish entitlement to habeas corpus relief. Although the petitioner asserts that he is raising the trial court's lack of subject matter jurisdiction for the first time in this petition, a careful reading of his petition reveals that he has simply repackaged his prior arguments regarding venue, which arguments were fully addressed by this court in the petitioner's prior appeal affirming the habeas corpus court's dismissal. *See Jose A. Rivas*, slip op. at 3-4. As we stated in that appeal, a guilty plea "waives the requirement that the State prove venue by a preponderance of the evidence." *Ellis v. Carlton*, 986 S.W.2d 600, 602 (Tenn. Crim. App. 1987).

The crux of the petitioner's argument in this appeal hinges on the State's alleged failure to comply with Tennessee Code Annotated section 40-35-214, which states, in pertinent part, as follows:

> (a) A defendant arrested, held or present in a county, other than that in which an indictment or information is pending against the defendant, may state in writing that the defendant wishes to plead guilty, to waive trial in the county in which the indictment or information is pending and to consent to the disposition of the case in the county in which the defendant was arrested, held or present, subject to the approval of the district attorney general and the court having criminal jurisdiction for each county. Upon receipt of the defendant's statement and of the written approval of the appropriate district attorneys general and courts, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding or certified copies of the papers to the clerk of the court for the county in which the defendant was arrested, held or present, and the prosecution shall continue in that county.

T.C.A. § 40-35-214(a). The petitioner posits that, because his guilty-plea submission hearing transcript shows that he entered his guilty plea in Greene County rather than in Hancock County and because he never executed a written waiver of venue as required by Code section 40-35-214(a), his guilty plea was rendered void.

The petitioner's reliance on this statute, however, avails him nothing. This court has previously stated that Code section 40-35-214(a) "does not confer any rights on the accused" and that the statute "is directory rather than mandatory, designed to establish the provisions by which the district attorneys general and judges exercise authority over the prosecution and disposition of criminal charges within their district." *Kenneth Stomm v. State*, No. E1999-00392-CCA-R3-PC, slip op. at 3 (Tenn. Crim. App., Knoxville, Aug. 2, 2001), *perm. app. denied* (Tenn. Dec. 10, 2001). In any event, the guilty-plea submission hearing transcript, as noted by this court in the prior appeal, "reflects that the proceedings took place in the Criminal Court for Hancock County," albeit, located in Greeneville on the date of the hearing, "that the court was addressing 'the matters in Hancock County,' and the court informed the [petitioner] he was 'charged and pleading guilty in two counts . . . in Hancock County.'" *Rivas*, slip op. at 3, n.1. Thus, the petitioner cannot establish that his judgments were void.

-3-

The petitioner has, once again, failed to establish a cognizable ground for habeas corpus relief. Accordingly, we affirm the judgment of the habeas corpus court.

_____
JAMES CURWOOD WITT, JR., JUDGE